### FISK vs. FISK.*

APPEAL from the court of the first district.

A petition to remove a case to the court of the U. S. need not be filed personally.

The party is not precluded by the acts of the attorney, appointed by the court to defend him, in his absence.

PORTER, J., delivered the opinion of the court. This case comes up on an appeal taken from an order of the court below, transferring the cause to the district court of the United States.

The action was commenced by attachment, on the 12th of February; on the 14th an attorney was appointed to defend the absent debtor, who on the same day applied to the court and obtained a delay of sixty days to file his answer, and correspond with the defendant.

On the 7th of April, the attorney for the

---

* This case was determined in June, 1825, and accidentally omitted.

East'n. District.
*July*, 1826.

FISK
*vs.*
FISK.

absent debtor made an application to be allowed the further time of thirty days to answer, which application was sustained by the court, but afterwards the order granted on it was set aside, on a rule taken by the plaintiff's counsel.

On the 16th the court directed, that the appointment of the attorney to represent the absent debtor, be rescinded, and that the defendant, having authorised Messrs. Watts and Lobdell to appear as his attorneys in this case, they have leave to appear as such.

They accordingly did so, and presented a petition to remove the cause to the district court of the United States for Louisiana, on the ground that the defendant was a citizen of Massachusetts, and the plaintiff of Louisiana.

The court directed it to be transferred as prayed for, and the plaintiff appealed.

The correctness of the decision of the judge *a quo*, is contested on two grounds:

1. That this was a plea in abatement, and that being put in by an attorney of the court, its jurisdiction was acknowledged.

2. That the acts of the attorney appointed

East'n. District.
*July,* 1826.

F<small>ISK</small>
*vs.*
F<small>ISK</small>.

by the court to defend the absent debtor,
amounted to an appearance, and that the
application of the defendant came too late.

I. The first objection, we are clear, is un-
tenable: it is drawn from a system of law
which is not ours; it has no support in au-
thority, and the reasons on which it is founded,
give it no recommendation with us. At com-
mon law, the defendant must plead to the
jurisdiction of the court in *propria persona,* for
he cannot plead by an attorney without leave
of the court first had; which leave acknow-
ledges the jurisdiction, and this leave is *pre-
sumed* to be obtained, because it cannot be
*supposed* an officer of the court would put in a
plea without its permission. 1 *Bacon's Ab.* 2.
In point of fact, this reason completely fails
with us, for no leave of the court is necessary
to enable an attorney to answer. By our law
no such exception is made to the power of
those who represent others in court: it does
not distinguish between pleas of this kind and
any others. *Partida* 3, *tit.* 5, *law* 1; *Cur. Phil.
litigantes, p.* 1, § 10.

II. The second ground is not so free from
difficulty: the application to remove *is stricti*

*juris.* Each state has a right to declare what shall amount to an *appearance* in its courts, and if that which was done by the attorney appointed by the court, is under our law an *appearance* by the defendant, the application to remove came too late. But without a clear and positive provision, it cannot be considered such, because it would be contrary to the truth of the case, and because it would be concluding the defendant's right by an agent, to whom he had given no authority. In relation to the point under consideration, the adoption of such a principle would in almost every case deprive a defendant of the privilege of removing his cause; and this we cannot suppose the legislature of our state contemplated. The act of congress, which confers this right, prescribes two conditions for the exercise of it: *First.* That *the defendant shall at the time of entering his appearance* in the state court, file his petition to that effect; and, *Secondly, offer good and sufficient security for appearing in the court* to which he prays a removal. Now, the attorney appointed to defend has no authority to comply with the last condition; and if he had, the cases are few in which he could find security.

VOL. IV. (N. S.)        86

East'n District.
*July*, 1826.

FISK
*vs.*
FISK.

The laws of the United States evidently contemplate an appearance *by the defendant :* our act of the assembly proceeds on the idea, that he is absent, and has left no person to represent him; it therefore appoints an attorney to watch over his interests. The protection which it thus affords, was intended for his benefit, and not to prevent the exercise of rights which either the laws of the United States or of this state, conferred on him. Acting on this principle, we held in the case of *Stockton & al.* vs. *Nasbuck & al.*, that the attorney appointed to defend an absent debtor, could not, by pleading to the merits, waive the want of citation. 10 *Martin,* 472; 2 *Binney's Laws U. S.* 61, *sect.* 12; 1 *Martin,* 516. The giving bond to the sheriff, was not *an appearance in court ;* and on the whole we are of opinion, the judgment of the district court should be affirmed with costs.

*Maybin* for the plaintiff, *Watts & Lobdell* for the defendant.